MILTON & ANGELINA KLAUSNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Klausner v. Commissioner
Docket No. 7039-75.
United States Tax Court
T.C. Memo 1978-405; 1978 Tax Ct. Memo LEXIS 106; 37 T.C.M. (CCH) 1688; T.C.M. (RIA) 78405; October 11, 1978, Filed Walter T. Cassidy, for the petitioners. Jack H. Klinghoffer, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 959.26 in petitioners' 1973 income tax plus an addition to tax of $ 47.95 under section 6653(a). [1] The questions for decision are whether: (1) the corporate entity of Klausman Corp. should be treated as a separate taxable entity, with the result that petitioners are not entitled to a deduction in respect of a loss sustained in the operation of certain real estate; (2) petitioner Milton Klausner realized dividend income from Klausman Corp. and (3) petitioners are subject to an addition to tax for negligence. *107 Petitioners are husband and wife and had their legal residence in Massapequa, New York, at the time of the filing of their petition herein. They filed a joint Federal income tax return for the taxable year 1973. A certificate of incorporation for Klausman Corp. (the Corporation) was filed with the Department of State of the State of New York on August 1, 1973. Petitioner Milton Klausner (Klausner) and one Herbert Goldman (Goldman) formed a partnership on October 1, 1973. The partnership sought to purchase certain real estate owned by Danmore Management Corp. (Danmore), which was owned by one Benedict Morelli (Morelli) and Richard D'Antonio (D'Antonio). There was an existing 20-year first mortgage on the premises dated April 3, 1973. The original amount of the mortgage loan was $ 36,400 and it bore interest at 8-1/2 percent per annum. Such rate was higher than that permitted to be charged at that time to individuals under New York law. [2] The mortgage contained a provision that any transfer of title within the first five years would cause the unpaid principal, at the option of the mortgagee, to become due and payable forthwith. *108 In order to satisfy the mortgagee and thereby avoid having the entire mortgage principal become due, arrangements were made to have title to the mortgaged premises taken in the name of the Corporation and to have the Corporation assume the mortgage. This was accomplished on October 2, 1973. At the same time, the Corporation gave a second mortgage, in the face amount of $ 3,750 and bearing interest at 7-1/2 percent per annum, to Morelli and D'Antonio. [3] Insurance on the premises was held in the name of the Corporation at least during the balance of 1973. Leases on the premises were between the tenants and Klausner and/or Goldman individually. Rents were paid directly to them and they made the required mortgage payments and paid the expenses of maintaining the premises out of the rents and, to the extent that the rents were *109 insufficient for such purposes, out of their personal funds. An agreement between the partnership and the Corporation set forth in considerable detail the circumstances which were the cause of the Corporation's assuming the first mortgage and specified that the Corporation's sole function was to hold nominal legal title to the premises as the agent or nominee of the partnership. As to the first issue, we think the facts herein cannot be fairly distinguished from those which existed in Strong v. Commissioner,66 T.C. 12 (1976), affd. without opinion 553 F.2d 94 (2d Cir. 1977). As we stated in our opinion in that case, "If the corporation was intended to, or did in fact, act in its own name with respect to property, its ownership thereof will not be disregarded." See 66 T.C. at 24. The assumption of the first mortgage by the Corporation, its execution of the second mortgage, and the holding of the insurance policies in its name constitute sufficient activity to meet that test. Accordingly, we conclude that the Corporation should be recognized as a separate entity for tax purposes and, consequently, that the deduction claimed by petitioners *110 in respect of the loss from the operation of the premises should not be allowed. As to the second issue, respondent contends that the gross amount of the rental payments received by Klausner should be treated as a dividend from the Corporation. While the record is not crystal clear, we think the following facts can be found, based upon reasonable inferences to be drawn therefrom: (1) During 1973, the Corporation engaged in no activity other than in relation to the mortgaged premises. (2) On their 1973 return, petitioners reported, as Klausner's share of the income and expenses attributable to the premises, $ 1,060 of gross rent, $ 938.69 of depreciation, and $ 1,788.45 of expenses. Neither in his deficiency notice nor on brief has respondent raised any issue regarding these amounts or their categorization. His sole justification for treating the $ 1,060 gross rents as dividends is that petitioners have failed to carry their burden of proof that the Corporation did not have a lower amount of earnings and profits during 1973. We disagree. Given our conclusion in paragraph (1) above, we think it clear that the Corporation did not have any earnings and profits during 1973 *111 and we so hold. (3) In view of our holding as to the absence of earnings and profits of the Corporation during 1973 and under the factual situation presented herein, the $ 1,060 should be treated as paid to the Corporation and used by it to pay corporate expenses. At least to the extent of expenses paid by the shareholder, the cash received should be treated as a reimbursement by the Corporation of an advance made by the shareholder. We have no proof of record as to the investment, if any, which Klausner made in the Corporation other than his payment of the excess of $ 1,788.45 in expenses over $ 1,060 in rent. In all probability, no shares of stock were issued and no corporate records were kept. Cf. Strong v. Commissioner,supra at 19. But this, in our opinion, does not prevent the expenditure of such excess ($ 728.45) by Klausner in payment of expenses during 1973 (the amount of such expenses has not been questioned by respondent) from being treated as a contribution to the capital of the Corporation and as being at least part of the basis for Klausner's interest in the Corporation, [4] which was obviously beneficially owned by Klausner and Goldman (a conclusion *112 with which the respondent also agrees, as indicated by one of his proposed findings of fact). In view of the foregoing, we conclude that none of the $ 1,060 should be treated as a dividend to petitioners during 1973. By the same token, the excess amount of expenses ($ 728.45) should not be treated as a loss, since the ownership of the premises, and the receipt of income therefrom by the Corporation and/or the partnership or the individual partners, continued after the close of the taxable year at issue.[5]
As to the third issue, in calculating their net loss from the property in question as reported on their return, petitioners failed to reduce the aggregate of depreciation and other expenses by the rent received. Given this fact and the absence of any other evidence on this issue, as to which petitioners had the burden of proof (Rule 142(a), Rules of Practice and *113 Procedure of this Court), we conclude that petitioners should be held liable for the addition to tax for negligence under section 6653(a). Decision will be entered under Rule 155. Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year at issue.↩
2. The maximum rate allowed to individuals during 1973 was 7-1/2 percent until August 15, 1973, 8 percent until October 11, 1973, and 8-1/2 percent thereafter. See N.Y. Gen. Oblig. Law sec. 5-501↩ (McKinney 1978) and notes thereto. It thus appears that, if the closing of the purchase had been delayed ten days, the first mortgage could have been assumed by the individuals.
3. On October 2, 1973, there was no usury barrier to the giving of this mortgage directly by the individuals. See footnote 2, supra↩. Indeed, although the second mortgage on its face is only in the name of the Corporation as mortgagor, the original stipulation of facts states that the mortgage was given by the Corporation, Goldman, and Klausner.
4. The $ 938.69 in depreciation cannot be so treated, since this does not represent an out-of-pocket expenditure by Klausner. ↩
5. Indeed, the tax treatment to be accorded to the situation involved herein could well be different for subsequent taxable years, at least as far as the "dividend" issue is concerned.↩